UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM DZIEKANOWSKI | : | NO.:  3:01CV2394 (MRK) |
| MAUREEN TRAVERS | : | |
| | : | |
| v. | : | |
| | : | |
| THE ARROW LINE, INC. | : | |
| LEONARDO PEREZ | : | JANUARY 30, 2004 |

**ANSWER AND SPECIAL DEFENSES TO JANUARY 2, 2004 AMENDED COMPLAINT**

**FIRST COUNT**:

1. As to paragraph 1, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

2. Paragraphs 2, 3, and 4 are admitted.

3. As to paragraph 5, the defendants admit that at said date and time the plaintiff's vehicle had its emergency flashers on and that the bus operated by the defendant struck the plaintiff's vehicle from behind.  As to the remainder of paragraph 5, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

4. Paragraph 6 is denied.

5.      That portion of paragraph 7 which states: "As a result of the negligence, carelessness and statutory violations of the defendant, Leonardo Perez, as aforesaid" is denied. As to the remainder of paragraph 7, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

6.      That portion of paragraph 8 which states: "As a further result of the negligence and carelessness of the defendant, Leonardo Perez, as aforesaid" is denied. As to the remainder of paragraph 8, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**SECOND COUNT**:

1.      The answers to paragraphs one through six of the First Count are hereby incorporated and made the answers to paragraphs one through six of the Second Count as if fully set forth herein.

7.      Paragraphs 7 and 8 are denied.

8.      That portion of paragraph 9 which states: "As a result of said reckless conduct" is denied. As to the remainder of paragraph 9, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion

about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

    9.    That portion of paragraph 10 which states: "As a further result of said reckless conduct" is denied. As to the remainder of paragraph 10, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

    10.    As to paragraph 11, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

    **THIRD COUNT**:

    1.    As to paragraphs 1 and 9, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

    2.    Paragraphs 2, 3, and 4 are admitted.

    3.    As to paragraph 5, the defendants admit that at said date and time the plaintiff's vehicle had its emergency flashers on and that the bus operated by the defendant struck the plaintiff's vehicle from behind. As to the remainder of paragraph 5, the undersigned defendants do not have sufficient knowledge or information upon

which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

4.	Paragraph 6 is denied.

5.	That portion of paragraph 7 which states:  "As a result of the negligence, carelessness and statutory violations of the defendant, Leonardo Perez, as aforesaid" is denied.  As to the remainder of paragraph 7, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

6.	That portion of paragraph 8 which states:  "As a further result of the negligence and carelessness of the defendant, Leonardo Perez, as aforesaid" is denied.  As to the remainder of paragraph 8, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

**FOURTH COUNT**:

1.	The answers to paragraphs one through five the Third Count are hereby incorporated and made the answers to paragraphs one through five of the Fourth Count as if fully set forth herein.

6.	Paragraphs 6 and 7 are denied.

7. That portion of paragraph 8 which states: "As a result of said reckless conduct" is denied. As to the remainder of paragraph 8, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

8. That portion of paragraph 9 which states: "As a further result of said reckless conduct" is denied. As to the remainder of paragraph 9, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

9. As to paragraph 10, the undersigned defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

## BY WAY OF SPECIAL DEFENSES

**First Special Defense as to Counts One and Two**:

The plaintiff's injuries and losses, if any, were caused by his own negligence and carelessness in one or more of the following ways:

    a. in that he operated a motor vehicle on the highway when he knew, or should have known, that said motor vehicle's mechanical condition made it unsafe to do so;

    b. in that he operated said motor vehicle at an unreasonable rate of speed;

    c. in that he violated Section 14-220 of the Connecticut General Statutes by operating his motor vehicle at less than forty miles per hour;

    d. in that he violated Section 14-222 of the Connecticut General Statutes by operating said motor vehicle in a reckless and dangerous manner having regard to the width, traffic and use of the said highway;

    e. in that he failed to have and keep said motor vehicle under proper control;

    f. in that he was inattentive and failed to keep a reasonable and proper lookout;

    g. in that he failed under all circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to himself; and

    h. in that he operated said motor vehicle so as to endanger another motorist.

**Second Special Defense as to Counts One and Two**:

  The plaintiff's claims are barred by the State of New York's Comprehensive Motor Vehicle Insurance Reparations Act because the plaintiff has neither suffered a serious injury nor has he incurred more than $50,000 in economic damages.

**First Special Defense as to Counts Three and Four**:

    The plaintiff's claims are barred by the State of New York's Comprehensive Motor Vehicle Insurance Reparations Act because the plaintiff has neither suffered a serious injury nor has she incurred more than $50,000 in economic damages.

                                            DEFENDANTS,
                                            THE ARROW LINE, INC. and
                                            LEONARDO PEREZ

                                          By_____
                                              Paul Erickson
                                              Howd & Ludorf
                                              65 Wethersfield Avenue
                                              Hartford, CT  06114
                                              (860) 249-1361
                                              ct21398

## **CERTIFICATION**

        This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 30th day of January, 2004.

Adele R. Jacobs, Esquire
1375 Kings Highway East, Ste. 425
Fairfield, CT  06824

_____
Paul Erickson
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361