UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM DZIEKANOWSKI | : | NO.: 3:01CV2394 (MRK) |
| MAUREEN TRAVERS | : | |
| | : | |
| v. | : | |
| | : | |
| THE ARROW LINE, INC. | : | |
| LEONARDO PEREZ | : | MARCH 10, 2004 |

## MOTION FOR TRIAL CONTINUANCE

In connection with the Scheduling Orders entered on November 4, 2003, the undersigned defendants hereby move for a 90-day continuance of trial which is currently scheduled to commence on May 4, 2004.

The instant action arises out of a motor vehicle accident that occurred on September 10, 2000. The plaintiffs herein instituted suit against the undersigned defendants by writ, summons and complaint dated November 12, 2001 with a return date of December 4, 2001. Further, on April 16, 2003 plaintiffs' instant counsel filed an appearance on behalf of both plaintiffs.

At the time of the plaintiff's, Maureen Travers', October 29, 2003 deposition for the first time the defendants were made aware that plaintiff-Travers had undergone treatment associated with an alleged psychological overlay. Further, on that date plaintiffs' counsel indicated to undersigned counsel that plaintiff-Travers was being

evaluated or had been evaluated in connection with said psychological overlay.

On or about November 4, 2003 both counsel and the court engaged in a telephone status conference wherein the instant trial date was selected.  At that time undersigned counsel, while aware of the potential of psychological overlay becoming part of plaintiff-Travers' claim, had not seen any records associated with treatment in connection with a psychological overlay nor had plaintiffs' counsel disclosed any expert witness in connection with said claim.

Further, on or about December 17, 2003 plaintiffs' counsel faxed to undersigned counsel a copy of a psychological report prepared by Marsha Knight, Ph.D., in connection with a psychological examination of Ms. Travers that was conducted on October 15, 2003.  Contained in said report were three diagnoses which until that date had not been reflected in any of plaintiff-Travers' treatment records:  major depressive episode, severe and chronic post-traumatic stress disorder and post-concussional disorder.  Further, on January 2, 2004 undersigned counsel received via facsimile a copy of the disclosure of expert witness as to Marsha Knight, Ph.D.  Further, on or about that same date, January 2, 2004 the plaintiffs requested leave to amend their complaint dated November 12, 2001 in order that plaintiff-Travers may claim post-traumatic stress disorder.  Finally, on or about January 21, 2004 plaintiff-Travers amended her disclosure of expert witness as to Marsha Knight in order to contemplate future psychological treatment, future psychiatric evaluations and the future need for

medication.

Immediately upon receipt of Dr. Knight's report on December 17, 2003, undersigned counsel began to research what was necessary in order to defend against the new diagnoses introduced by Dr. Knight.  On or about December 30, 2003 undersigned counsel reached an agreement with a Hartford county psychiatrist to review the complete record associated with plaintiff-Travers' psychological overlay claims.  In that regard the psychiatrist was provided with all of plaintiff-Travers' medical records, Dr. Knight's report, the plaintiff's disclosure and amended disclosure of Dr. Knight, the plaintiffs' deposition transcripts and all relevant investigation.

Further, on or about March 3, 2004 the psychiatrist contacted undersigned counsel with regard to her assessment of the material that was provided to her.  This conversation occurred only approximately 60 days after counsel's original telephone conversation with the psychiatrist.  On March 3, 2004 the psychiatrist informed counsel that in order to address all of Dr. Knight's opinions including those contained in the January 21, 2003 amended expert witness disclosure, plaintiff-Travers should be seen by a neuropyschologist as well as by a psychiatrist.  On that date, March 3, 2004, undersigned counsel immediately began to make arrangements for plaintiff-Travers to be seen by a neuropsychologist.  Further, counsel can represent to the court that it has made such arrangements however the neuropsychologist cannot examine plaintiff-Travers until **May 11, 2004**.  Further, the psychiatrist will be available to see

plaintiff-Travers upon completion of the neuropsychologist's report which counsel anticipates will be completed within two weeks of the neuropsychologist's examination. Further, counsel would anticipate that the psychiatrist's report would be complete within 15 days of the psychiatric independent medical examination.  We would anticipate that both the neuropsychological and psychiatric independent medical examinations and the corresponding reports will be completed by the third week of June, 2004.

  In seeking the instant continuance the defendants are essentially seeking six months from the date on which it received the plaintiffs' expert's initial report associated with plaintiff-Travers' claimed psychological overlay.  The defendants assert that six months is not an unreasonable amount of time to find and retain experts, allow the experts to review the plaintiffs' expert's findings and all other relevant material, arrange for plaintiff-Travers to undergo psychiatric and neuropsychological independent medical examinations and disclose their expert psychiatrist and neuropsychologist.  Further, in support of their motion the defendants assert that the only reason that they are in this position in the first instance is not due to their own delay or foot-dragging but rather because plaintiff-Travers introduced a brand new injury claim into this case more than three years after the date of the incident, more than two years after the date that suit was instituted and only four and one-half months prior to trial.  Moreover, the defendants highlight the fact that despite

the relatively late introduction of this claim into this case Dr. Knight did not provide a written report to her patient's own counsel until December 17, 2003 **more than two months after the date on which she examined plaintiff-Travers**.  Further, based on information and belief Dr. Knight's opinions and diagnoses are the primary damages-related claims that will be asserted by plaintiff-Travers at time of trial and said opinions and diagnoses are the basis for the plaintiff-Travers' one-half million dollar settlement demand.

      Finally, the defendants assert that based on the reasons articulated herein they require an additional 90 days to prepare for trial.  The defendants' need for additional time is based on plaintiff-Travers' December 17, 2003 disclosure of her claim for psychological overlay in a case that had been pending for more than two years prior to that date.

        DEFENDANTS,
        THE ARROW LINE, INC. and
        LEONARDO PEREZ


By_____
  Paul Erickson
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  ct21398


## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 10th day of March, 2004.

Adele R. Jacobs, Esquire
1375 Kings Highway East, Ste. 425
Fairfield, CT  06824


_____
Paul Erickson
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361