UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM DZIEKANOWSKI | : | NO: 3:01CV2394 (WIG) |
| MAUREEN TRAVERS | | |
| | | |
| v. | : | |
| | | |
| THE ARROW LINE, INC. | : | |
| LEONARDO PEREZ | : | MARCH 29, 2004 |

## PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR IME OF MAUREEN TRAVERS

Plaintiff, Maureen Travers, through and by her attorney, hereby objects to the

defendants' Request for IME dated March 26, 2004. Defendants are requesting that

the plaintiff travel two hours from her home from New York to Farmington, Connecticut,

for an evaluation by defendants' chosen physician. Prior to scheduling this examination,

plaintiff's counsel informed defense counsel that traveling that far a distance would be

a substantial hardship for the plaintiff, both physically and emotionally, and that he should

consider employing someone in closer proximity to plaintiff's home. The plaintiff would

be required to travel four hours in one day, not accounting for traffic.

This case arises out of a serious motor vehicle accident in which the plaintiff's

vehicle was struck by a commercial bus. Since the time of the accident, the plaintiff has

been unable to travel long distances in a car, as it causes her both physical and psychological

sequelae.  She is extremely fearful of traveling in a car, and she experiences severe

spasms in her neck and back after sitting in a car for any time longer than forty-five

minutes. The only apparent reason for the defense choosing someone such a great distance from the plaintiff's home, is to "test" her strength and her symptoms. In addition, there is the issue that plaintiff herself has not driven since the date of the accident, and, therefore, the co-plaintiff, William Dziekanowski, would be required to drive her. This would place him in an untenable position as well, as he also experiences great pain and spasms in his back and neck which are exacerbated by sitting in the car for any length of time.

An "independent" medical exam is not supposed to be a test of endurance, nor is it supposed to be an attempt to inflict further harm upon the plaintiffs. An examination by a doctor of the defendants' choosing is supposed to be an attempt by the defendants to obtain an allegedly objective analysis of the plaintiff's medical condition. The defendants should not be allowed to purposefully inflict hardship upon the plaintiffs by deliberately choosing a doctor two hours from the plaintiff's home.

Wherefore, it is respectfully requested that the defendants be required to seek an examining physician within a closer proximity to the plaintiff's home, and that the plaintiff's Objection be sustained.

THE PLAINTIFFS

BY _____

Federal Bar #: ct 11704
Adele R. Jacobs, Esq., Attorney for Plaintiffs
1375 Kings Highway East
Fairfield, CT 06825
Tel: (203)332-7700
Fax: (203) 332-7709
Email: ajacobsesq@msn.com

## CERTIFICATION:

This is to certify that a copy of the foregoing *Plaintiff's Objection to Defendants' Request for IME* was sent this 29th day of March, 2004 via the United States of America Mails, First Class Postage Prepaid, to the following: Paul Erickson, Esq., HOWD & LUDORF, 65 Wethersfield Avenue, Hartford, CT 06114-1190

_____
Adele R. Jacobs, Esq.