UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM DZIEKANOWSKI<br>MAUREEN TRAVERS | : | NO: 3:01CV2394 (AWT) |
| v. | : | |
| THE ARROW LINE, INC.<br>LEONARDO PEREZ | :<br>: | JANUARY 2, 2004 |

## AMENDED COMPLAINT

**FIRST COUNT (Negligence of the defendants as to the plaintiff William Dziekanowski)**

1. On September 10, 2000, at approximately 8:30 p.m., the plaintiff, William Dziekanowski, of Bronx, New York, was operating his 1995 Buick Riviera southbound on Interstate 95, in the Town of North Stonington, County of New London and State of Connecticut, near the exit 92 on-ramp area.

2. On September 10, 2000, and at all times mentioned herein, the defendant, The Arrow Line, Inc., was a Connecticut corporation organized and existing under the laws of the State of Connecticut with a principal place of business in the Town of East Hartford, County of Hartford, and State of Connecticut.

3. At all times mentioned herein, the defendant, Leonardo Perez, was an agent, servant and/or employee of the defendant, The Arrow Line, Inc., and was acting in the course of his employment.

4. On said date and at said time and place, the defendant, Leonardo Perez, was operating a 1979 MCI passenger bus, owned by the defendant, Arrow Line, Inc., southbound on Interstate

95 after entering the highway at the exit 92 on-ramp.

5. On said date and at said time and place, while the plaintiff, William Dziekanowski, was experiencing mechanical problems with his vehicle which was stalled in the southbound climbing lane of I-95 with its emergency flashers on, the said bus operated by the defendant, Leonardo Perez, struck the plaintiff's vehicle from behind, thereby causing the severe, permanent and disabling injuries to the plaintiff as more specifically hereinafter set forth.

6. The severe, permanent and disabling injuries to the plaintiff were proximately caused by the negligence, carelessness and statutory violations of the defendant, Leonardo Perez, in one or more of the following respects, in that he:

 a. Violated §14-240 of the Connecticut General Statutes by following the vehicle in front of him more closely than was reasonable and prudent under the circumstances then and there existing;

 b. Violated §14-218(a) of the Connecticut General Statutes by operating said motor vehicle at an unreasonable rate of speed hving due regard for the width, traffic and use of said highway, and the weather conditions.

 c. Violated §14-222 of the Connecticut General Statutes by operating said motor vehicle in a reckless and dangerous manner having regard to the width, traffic and use of the said highway.

 d. Failed to have and keep said motor vehicle under proper control;

 e. Was inattentive and failed to keep a reasonable and proper lookout;

 f. Failed to turn or stop said vehicle so as to avoid colliding with the vehicle in front of him;

 g. Failed to sound his horn or otherwise warn the plaintiff of the impending collision;

 h. Failed under all the circumstances then and there existing to take reasonable and

2

        proper precautions to avoid the probability of harm to the plaintiffs;

i. Followed said vehicle in front of him more closely than was reasonable and prudent under the circumstances then and there existing;

j. Operated said vehicle at an unreasonable rate of speed;

k. Operated said motor vehicle so as to endanger other motorists.

7. As a result of the negligence, carelessness and statutory violations of the defendant, Leonardo Perez, as aforesaid, the plaintiff suffered, and continues to suffer, bilateral shoulder dislocations, a neck injury, and a lower back injury. He has been required to undergo reconstructive surgery of his left shoulder, various therapies for his neck, back and shoulder injuries, as well as numerous diagnostic studies and treatments; including spinal injections for pain and the prescription of various pain killers and anti-depressant drugs. Further, as a result of his injuries he has experienced depression and great mental pain and emotional distress. In all likelihood, the plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many activities to the extent he formerly was able.

8. As a further result of the negligence and carelessness of the defendant, Leonardo Perez, as aforesaid, the plaintiff was required to spend various sums of money for medical care, treatment, x-rays, drugs and devices necessitated by said injuries, and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

## SECOND COUNT (Recklessness of the defendants as to the plaintiff, William Dziekanowski)

1. Paragraphs One through Six of the First Count are hereby made and incorporated as Paragraphs One through Six of this the Second Count, as if more fully set forth herein.

7. At all times material hereto, the defendant, Leonardo Perez, deliberately or with reckless disregard, operated said motor vehicle in violation of §14-218(a) of the Connecticut General Statutes by operating said motor vehicle at an unreasonable rate of speed having due regard for the width, traffic, and use of said highway.

8. At all times material hereto, the defendant, Leonardo Perez, deliberately or with reckless disregard, operated said motor vehicle in violation of §14-222 of the Connecticut General Statutes by operating said motor vehicle in a reckless and dangerous manner, in that he operated a large bus on an interstate highway at a high rate of speed at night, in an improper lane reserved for slower vehicles and failed to keep a lookout for disabled vehicles in that lane.

9. As a result of said reckless conduct, the plaintiff suffered, and continues to suffer, bilateral shoulder dislocations, a neck injury, and a lower back injury. He has been required to undergo reconstructive surgery of his left shoulder, various therapies for his neck, back and shoulder injuries, as well as numerous diagnostic studies and treatments; including spinal injections for pain and the prescription of various pain killers and anti-depressant drugs. Further, as a result of his injuries he has experienced depression and great mental pain and emotional

3. At all times mentioned herein, the defendant, Leonardo Perez, was an agent, servant and/or employee of the defendant, The Arrow Line, Inc., and was acting in the course of his employment.

4. On said date and at said time and place, the defendant, Leonardo Perez, was operating a 1979 MCI passenger bus, owned by the defendant, Arrow Line, Inc., southbound on Interstate 95 after entering the highway at the exit 92 on-ramp.

5. On said date and at said time and place, while the plaintiff, William Dziekanowski, was experiencing mechanical problems with his vehicle which was stalled in the southbound climbing lane of I-95 with its emergency flashers on, the said bus operated by the defendant, Leonardo Perez, struck the plaintiff's vehicle from behind, thereby causing the severe, permanent and disabling injuries to the plaintiff as more specifically hereinafter set forth.

6. The severe, permanent and disabling injuries to the plaintiff were proximately caused by the negligence, carelessness and statutory violations of the defendant, Leonardo Perez, in one or more of the following respects, in that he:

- a. Violated §14-240 of the Connecticut General Statutes by following the vehicle in front of him more closely than was reasonable and prudent under the circumstances then and there existing;

- b. Violated §14-218(a) of the Connecticut General Statutes by operating said motor vehicle at an unreasonable rate of speed hving due regard for the width, traffic and use of said highway, and the weather conditions.

- c. Violated §14-222 of the Connecticut General Statutes by operating said motor vehicle in a reckless and dangerous manner having regard to the width, traffic and use of the said highway.

- d. Failed to have and keep said motor vehicle under proper control;

e. Was inattentive and failed to keep a reasonable and proper lookout;

f. Failed to turn or stop said vehicle so as to avoid colliding with the vehicle in front of him;

g. Failed to sound his horn or otherwise warn the plaintiff of the impending collision;

h. Failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the plaintiffs;

i. Followed said vehicle in front of him more closely than was reasonable and prudent under the circumstances then and there existing;

j. Operated said vehicle at an unreasonable rate of speed;

k. Operated said motor vehicle so as to endanger other motorists.

7. As a result of the negligence, carelessness and statutory violations of the defendant, Leonardo Perez, as aforesaid, the plaintiff Maureen Travers sustained the following serious and debilitating injuries including: herniated disk with spinal cord impingement; cervical sprain; lumbar sprain and injury; post traumatic stress disorder; depression; contusions to the abdomen and back; left elbow injury; numbness to her hand, fingers and legs; tinnitus of ears; head injury; shoulder injury and contusions to the thighs and legs. As a result, she has suffered scarring to her thighs that will likely be permanent in nature and which cause her great embarrassment and will require surgical treatment. Furthermore, she has experienced constant pain, frequent headaches and depression. She has received injections to relieve her pain and has been prescribed various drugs, treatments, therapies and modalities to treat her multiple injuries. The plaintiff was required to undergo diagnostic studies and extensive treatment with one or more medical

7

professionals as a result of her injuries. In all likelihood, the plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, she suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many activities to the extent she formerly was able.

8. As a further result of the negligence and carelessness of the defendant, Leonardo Perez, as aforesaid, the plaintiff, Maureen Travers, was required to spend various sums of money for medical care, treatment, x-rays, drugs and devices necessitated by said injuries, and will be obliged to spend further additional sums in the future for like services, all to her loss and damage.

9. At all times mentioned herein, the plaintiff was gainfully employed and as a further result of said incident, and the injuries resulting there from, the plaintiff lost time from her employment and thereby suffered economic loss in the form of past and future lost earnings.

## FOURTH COUNT (Recklessness of the defendants as to the plaintiff, Maureen Travers)

1. Paragraphs One through Five of the Third Count are hereby made and incorporated as Paragraphs One through Five of this the Fourth Count, as if more fully set forth herein.

6. At all times material hereto, the defendant, Leonardo Perez, deliberately or with reckless disregard, operated said motor vehicle in violation of §14-218(a) of the Connecticut General Statutes by operating said motor vehicle at an unreasonable rate of speed having due regard for the width, traffic, and use of said highway.

7. At all times material hereto, the defendant, Leonardo Perez, deliberately or with reckless disregard, operated said motor vehicle in violation of §14-222 of the Connecticut General Statutes by operating said motor vehicle in a reckless and dangerous manner, in that he operated a large bus on an interstate highway at a high rate of speed at night, in an improper lane reserved for slower vehicles and failed to keep a lookout for disabled vehicles in that lane.

8. As a result of said reckless conduct, the plaintiff, Maureen Travers, suffered, and continues to suffer, neck pain; lower abdomen pain, neck and back spasms; loss of feeling in her legs; headaches and a general feeling of ill health. The plaintiff was required to undergo x-ray examination and extensive treatment with one or more medical professionals as a result of her injuries. In all likelihood, the plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many activities to the extent she formerly was able.

9. As a further result of said reckless conduct, the plaintiff, Maureen Travers, was required to spend various sums of money for medical care, treatment, x-rays, drugs and devices necessitated by said injuries, and will be obliged to spend further additional sums in the future for like services, all to her loss and damage.

10. At all times mentioned herein, the plaintiff, Maureen Travers, was gainfully employed and as a further result of said incident, and the injuries resulting there from, the plaintiff lost time from her employment and thereby suffered economic loss in the form of past and future lost earnings.

9

WHEREFORE, the plaintiffs claim:

1. Fair just and reasonable money damages;

2. Double or treble damages pursuant to §14-295 of the Connecticut General Statutes on the Second and Fourth Counts;

3. Attorney's fees; and

4. Costs.

THE PLAINTIFFS,

BY: _____
ct 11704
Adele R. Jacobs
1375 Kings Hwy. E., Suite 350
Fairfield, CT 06824
Tel: (203)332-7700
Fax: (203)332-7709
Email - ajacobsesq@msn.com

10

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM DZIEKANOWSKI<br>MAUREEN TRAVERS | : | NO: 3:01CV2394 (AWT) |
| vs. | : | |
| THE ARROW LINE, INC.<br>LEONARDO PEREZ | :<br>: | JANUARY 2, 2004 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than Fifteen Thousand and No/100 ($15,000.00) Dollars, exclusive of interest and costs, pursuant to §52-91 of the Connecticut General Statutes.

THE PLAINTIFFS,

BY: _____
ct 11704
Adele R. Jacobs
1375 Kings Hwy. E., Suite 350
Fairfield, CT 06824
Tel: (203)332-7700
Fax: (203)332-7709
Email - ajacobsesq@msn.com

11