UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM DZIEKANOWSKI | : | NO.:  3:01CV2394 (WIG) |
| MAUREEN TRAVERS | : | |
| | : | |
| v. | : | |
| | : | |
| THE ARROW LINE, INC. | : | |
| LEONARDO PEREZ | : | APRIL 1, 2004 |

**REPLY TO PLAINTIFFS' MARCH 29, 2004 OBJECTION TO DEFENDANTS'
REQUEST FOR IME OF MAUREEN TRAVERS**

In response to the plaintiffs' March 29, 2004 objection the defendants assert

that the plaintiffs' claim that Dr. Lewis was chosen only in order to "test" the plaintiff's

strength, symptoms and endurance and in an effort to purposefully inflict hardship

upon the plaintiffs is completely baseless, personally offensive to counsel and flat-out

wrong.  However, rather than engage the plaintiffs in further inflammatory rhetoric the

defendants will attempt to confine their arguments to the relevant legal issues.

First, the defendants assert that Dr. Lewis is a prominent and well-respected

psychiatrist **whose specialty is post-traumatic stress disorder** which is apparently

the plaintiff's primary injury claim in this case.  Additionally, Dr. Lewis has reviewed the

plaintiff's medical records and has informed counsel that the issues presented in same

are completely within her particularized realm of expertise.  Further, Dr. Lewis has

communicated that she is willing to be disclosed as an expert witness in this matter

which encompasses writing a report, sitting for a deposition and providing trial testimony.  Furthermore, the defendants represent that neither they nor their counsel are aware of any psychiatrist in the State of New York or Fairfield County who possesses all of the characteristics possessed by Dr. Lewis as articulated herein.  In short, the underhanded, arguably unethical, motives attributed to the defendants in the plaintiffs' objection simply do not exist; Dr. Lewis is simply the most appropriate psychiatrist known to the defendants to examine Ms. Travers in connection with her claimed psychiatric injuries.

The defendants further assert that the instant action arises out of a motor vehicle accident that occurred on Interstate 95 in Stonington, Connecticut.  As a result of said occurrence the plaintiffs instituted legal proceedings in the State of Connecticut, Superior Court in New London.  The undersigned defendants, pursuant to diversity of citizenship between the parties, thereafter removed this matter to Federal Court.  Thus, it is indisputable that for whatever reason the plaintiffs chose to avail themselves of the Connecticut courts.  **In light of that fact it is unfair for the plaintiffs to raise travel distance as a basis for an objection**.  Whether or not the defendants requested that the plaintiff attend an independent medical examination in New London County where the plaintiff herself chose to bring suit or whether the defendants requested that the plaintiff attend an independent medical examination at University of Connecticut Health Center in Farmington both locations are

approximately equidistant from the plaintiffs' home in the Bronx. In fact, according to Mapquest, Farmington (95.8 miles) is actually 15 miles closer to the Bronx than is New London (109.2 miles).

The defendants further assert that they have shown a willingness to accommodate the plaintiffs in this matter when they could do so without compromising their ability to defend themselves. In that regard the defendants point to the fact that the plaintiff, Dziekanowski, was seen for an independent medical examination by a neurologist in the Bronx and that the plaintiff, Travers, underwent a neuropsychological independent medical examination in Manhattan.

Finally, the very issue raised by the plaintiffs in the instant objection, to wit, that it is an undue hardship to travel to Hartford County for an independent medical examination has already been ruled upon in this case. Moreover, on December 11, 2002 Judge Thompson granted the defendants' request for independent medical examination of Ms. Travers by a physician located in Hartford despite the identical hardship-based objection filed by the plaintiffs. Thus, the law of the case would hold that the instant request similarly be granted.

WHEREFORE, based on the foregoing the defendants respectfully request that the court overrule the plaintiff's, Maureen Travers', March 29, 2004 objection to defendants' request for IME.

DEFENDANTS,
THE ARROW LINE, INC. and
LEONARDO PEREZ


By_____
    Paul Erickson
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    ct21398


## <u>CERTIFICATION</u>

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 1st day of April, 2004.

Adele R. Jacobs, Esquire
1375 Kings Highway East, Ste. 425
Fairfield, CT  06824


_____
Paul Erickson
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361