UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM DZIEKANOWSKI | : | NO.: 3:01CV2394 (WIG) |
| MAUREEN TRAVERS | : | |
| | : | |
| v. | : | |
| | : | |
| THE ARROW LINE, INC. | : | |
| LEONARDO PEREZ | : | APRIL 7, 2004 |

### REPLY TO PLAINTIFF'S APRIL 5, 2004 RESPONSE RE IME OF MAUREEN TRAVERS

The plaintiff in her April 5, 2004 response now claims that the reason that she has been requested to travel to University of Connecticut Health Center for an independent medical examination is because the defendants are in a "quagmire" and because the defendants were not diligent in retaining a psychiatric expert.  First, this argument, raised on April 5, 2004 for the first time, bears no relation to the arguments contained in the defendants' April 1, 2004 reply to the plaintiff's objection.  Accordingly, the defendants will stand on the arguments contained in their April 1, 2004 reply.  Second, despite the fact that the plaintiff's assertion in that regard has nothing to do with the issue presently before the court the defendants are compelled to deny the plaintiff's claim that they are in a "quagmire" or that counsel was not diligent in retaining experts.  Moreover, to the extent that the court finds that the plaintiff's claims are relevant to the issue presently pending the defendants would welcome a hearing in

order that they could lay out the relationship in time between when the plaintiff's alleged symptoms manifested, when the psychological-related claim was first made known to the defendants, when the plaintiff's psychologist was fully disclosed, and what efforts the defendants have undertaken in those regards.

To the extent that the plaintiff claims in her April 5, 2004 response that the plaintiffs themselves never "chose" New London as the venue for this lawsuit such an assertion is difficult to accept in light of the fact that the plaintiffs retained The Reardon Law Firm in New London subsequent to the accident date.

Finally, in her April 5, 2004 response the plaintiff claims that there was no evidence that the plaintiff was unable to travel at the time that Judge Thompson required her to travel to Hartford.  However, in the objection to request for IME raised by the plaintiff at that time, she asserted that "the plaintiff Maureen Travers resides in Bronx, New York, and this would be an **extreme hardship** for the plaintiff to travel to Hartford, Connecticut from Bronx, New York to undergo an examination.  It is respectfully requested that an examination be ordered at a **more convenient location** to the plaintiff."  Emphasis supplied.  Moreover, to the extent that the plaintiff claims in her April 5, 2004 response that at the time that Judge Thompson ordered her to travel to Hartford there was "no evidence that the plaintiff was unable to travel due to those psychological effects", the defendants note that in the plaintiff's March 29, 2004 objection she states that "**since the time of the accident** the plaintiff has been unable

to travel long distances in a car as it causes her both physical and psychological sequelae".

WHEREFORE, based on the foregoing and based on that which is contained in the defendants' April 1, 2004 reply the defendants respectfully that the court overrule the plaintiff's, Maureen Travers', March 29, 2004 objection to defendants' request for IME.

          DEFENDANTS,
          THE ARROW LINE, INC. and
          LEONARDO PEREZ


By_____
   Paul Erickson
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   ct21398

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 7th day of April, 2004.

Adele R. Jacobs, Esquire
1375 Kings Highway East, Ste. 425
Fairfield, CT  06824

_____
Paul Erickson
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361